UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

| | |
|---|---|
| JOHN PRICE, Individually and For Others Similarly Situated,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>DEVON ENERGY CORPORATION,<br>　　　　　Defendant. | Case No. 1:20-cv-00316<br><br>JURY TRIAL DEMANDED<br><br>COLLECTIVE ACTION PURSUANT TO 29 U.S.C. § 216(b)<br><br>CLASS ACTION PURSUANT TO FED. R. CIV. P. 23 |

### ORIGINAL CLASS AND COLLECTIVE ACTION COMPLAINT

#### SUMMARY

1.　Plaintiff John Price (Price) brings this lawsuit to recover unpaid overtime wages and other damages from Devon Energy Corporation (Devon) under the Fair Labor Standards Act (FLSA) and New Mexico Minimum Wage Act (NMMWA).

2.　Price worked for Devon as a Utility Inspector.

3.　Price and the Day Rate Inspectors (as defined below) regularly worked for Devon in excess of forty (40) hours each week.

4.　But Devon did not pay them overtime.

5.　Instead of paying overtime as required by the FLSA, Devon improperly paid Price and the Day Rate Inspectors a daily rate with no overtime compensation.

6.　This class and collective action seeks to recover the unpaid overtime wages and other damages owed to these workers.

#### JURISDICTION AND VENUE

7.　This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

8.　The Court has supplemental jurisdiction over the NMMWA claims under 28 U.S.C. §

1367.

9. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claim occurred in this District.

10. Price worked for Devon in this District in Eddy County, New Mexico and Chaves County, New Mexico.

## THE PARTIES

11. Price worked for Devon from approximately August 2016 until October 2017 as a Utility Inspector.

12. Throughout his employment, Devon paid Price a flat daily rate for each day worked regardless of the total hours worked in a workweek ("day rate pay plan").

13. Price's consent to be a party plaintiff is attached as Exhibit A.

14. Price brings this action on behalf of himself and all other similarly situated workers who were paid by Devon's day-rate system. Devon paid each of these workers a flat amount for each day worked and failed to pay them overtime for all hours that they worked in excess of 40 hours in a workweek in violation of the FLSA.

15. The FLSA class of similarly situated workers consists of:

**All inspectors employed by or working on behalf of Devon Energy Corporation and paid according to its day rate pay plan in the past three (3) years.**

16. Second, Price represents a class of similarly situated inspectors under the NMMWA pursuant to Federal Rule of Civil Procedure 23.

17. The NMMWA Class is defined as:

**All inspectors employed by or working on behalf of Devon Energy Corporation and paid according to its day rate pay plan in the past three (3) years in New Mexico.**

18. Collectively, the FLSA Class and NMMWA Class is defined as the Day Rate Inspectors.

19. Devon is a company doing business throughout the United States.

20. The identities of the Day Rate Inspectors can be readily ascertained from Devon's records.

21. Devon Energy Corporation is an Oklahoma For Profit Business Corporation and may be served with process by serving its registered agent: Corporation Service Company, 125 Lincoln Ave., Suite 223, Santa Fe, NM 87501.

### COVERAGE UNDER THE FLSA

22. At all times hereinafter mentioned, Devon was and is an employer within the meaning of the Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

23. At all times hereinafter mentioned, Devon was and is an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

24. At all relevant times, Devon has been part of an enterprise engaged in commerce or in the production of goods for commerce within the meaning of section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1).

25. At all relevant times, Devon has, and has had, employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials (including tools, flashlights, smart phones/devices, badges, uniforms, computers, personal protection equipment, etc.) that have been moved in or produced for commerce.

26. In each of the past 3 years, Devon's annual gross volume of sales has well exceeded $1,000,000 for at least the past 3 years.

27. At all relevant times, Price and the Day Rate Inspectors were engaged in commerce or in the production of goods for commerce.

28. Devon uniformly applied its policy of paying its Inspectors, including Price, a day rate with no overtime compensation.

29. Devon applied this policy regardless of any alleged individualized factors such as job position, job duties/responsibilities, or geographic location.

30. By paying its Inspectors a day rate with no overtime compensation, Devon violated (and continues to violate) the FLSA's requirement that it pay employees at 1 and ½ times their regular rates for hours worked in excess of 40 in a workweek.

31. As a result of this policy, Devon and the Day Rate Inspectors do not receive overtime as required by the FLSA.

32. Devon's uniform compensation scheme of paying its Inspectors a day rate with no overtime compensation for weeks in which these workers work over 40 hours is, in of itself, a violation of the FLSA. 29 U.S.C. § 207(a) & (e).

## THE FACTS

33. Devon provides right of way acquisition services for government, pipeline, electric transmission, airport, transit, turnpike, and other infrastructure projects.

34. To complete its business objectives, it hires personnel (like Price) to perform inspection work.

35. Many of these individuals worked for Devon on a day rate basis (without overtime pay).

36. These workers make up the proposed collective of Day Rate Inspectors.

37. While exact job titles and job duties may differ, these employees are subjected to the same or similar illegal pay practices for similar work.

38. Throughout his employment with Devon, Devon paid him on a day rate basis.

39. Price and the Day Rate Inspectors work for Devon under its day rate pay scheme.

40. Price and the Day Rate Inspectors do not receive a salary.

41. If Price and the Day Rate Inspectors did not work, they did not get paid.

42. Price and the Day Rate Inspectors receive a day rate.

43. Price and the Day Rate Inspectors do not receive overtime pay.

44. This is despite the fact Price and the Day Rate Inspectors often worker 10 or more hours a day, for 7 days a week, for weeks at a time.

45. For example, Price received a day rate for each day he worked for Devon.

46. Although he typically worked 7 days a week, for 10 or more hours a day, he did not receive any overtime pay.

47. Price and the Day Rate Inspectors received the day rate regardless of the number of hours they worked in a week, even when they worked more than 40 hours.

48. Price and the Day Rate Inspectors are not employed on a salary basis.

49. Price and the Day Rate Inspectors do not, and never have, received guaranteed weekly compensation from Devon irrespective of the day worked (i.e., the only compensation they receive is the day rate they are assigned for all hours worked in a single day or week).

50. Price and the Day Rate Inspectors work in accordance with the schedule set by Devon and/or its clients.

51. Price's work schedule is typical of the Day Rate Inspectors.

52. Devon controls Price and the Day Rate Inspectors' pay.

53. Likewise, Devon and/or its clients control Price and the Day Rate Inspectors' work.

54. Devon requires Price and the Day Rate Inspectors to follow Devon and/or its clients' policies and procedures.

55. Price and the Day Rate Inspectors' work must adhere to the quality standards put in place by Devon and/or its clients.

56. Price and the Day Rate Inspectors are not required to possess any unique or specialized skillset (other than that maintained by all other workers in their respective positions) to perform their job duties.

57. As an Inspector, Price was responsible for ensuring Devon's and/or its clients' projects were completed according to established guidelines, specifications, and restrictions.

58. All Devon's Day Rate Inspectors perform similar duties, inspecting projects, ensuring work is done according to established guidelines, specifications, and restrictions.

59. Price and the Day Rate Inspectors provide inspection reports to Devon (and/or its clients') personnel.

60. At all relevant times, Devon and/or its clients maintained control over Price and the Day Rate Inspectors via hiring, firing, discipline, timekeeping, payroll, and other employment practices.

61. Price and the Day Rate Inspectors do not have the power to hire or fire any employees.

62. Price's working relationship with Devon is similar Devon's relationship with its other Day Rate Inspectors.

63. Devon knew Price and the Day Rate Inspectors worked more than 40 hours in a week.

64. Devon knew, or showed reckless disregard for, whether the Day Rate Inspectors were entitled to overtime under the FLSA.

65. Nonetheless, Devon failed to pay Price and the Day Rate Inspectors overtime.

66. Devon willfully violated the FLSA.

## CAUSES OF ACTION
## FLSA VIOLATIONS

67. By failing to pay Price and those similarly situated to him overtime at one-and-one-half times their regular rates, Devon violated the FLSA's overtime provisions.

68. Devon owes Price and those similarly situated to him the difference between the rate actually paid and the proper overtime rate.

6

69. Because Devon knew, or showed reckless disregard for whether, its pay practices violated the FLSA, Devon owes these wages for at least the past three years.

70. Devon is liable to Price and those similarly situated to him for an amount equal to all unpaid overtime wages as liquidated damages.

71. Price and those similarly situated to him are entitled to recover all reasonable attorneys' fees and costs incurred in this action.

## NMMWA VIOLATIONS

72. Price brings this claim under the NMMWA as a Rule 23 class action.

73. The conduct alleged violates the NMMWA (NMSA § 50-4-22).

74. At all relevant times, Devon was subject to the requirements of the NMMWA.

75. At all relevant times, Devon employed Price and each Class Member with New Mexico state law claims as an "employee" within the meaning of the NMMWA.

76. The NMMWA requires employers like Devon to pay employees at one and one-half (1.5) times the regular rate of pay for hours worked in excess of 40 hours in any one week. Price and each member of the New Mexico Class are entitled to overtime pay under the NMMWA.

77. Devon had a policy and practice of misclassifying Price and each member of the New Mexico class as exempt and failing to pay these workers overtime for hours worked in excess of 40 hours per workweek.

78. Price and each member of the New Mexico Class seek unpaid overtime in amount equal to 1.5 times the regular rate of pay for work performed in excess of 40 hours in a workweek, prejudgment interest, all available penalty wages, and such other legal and equitable relief as the Court deems just and proper.

79. Price and each member of the New Mexico Class also seek recovery of attorneys' fees, costs, and expenses of this action, to be paid by Devon, as provided by the NMMWA.

80. The improper pay practices at issue were part of a continuing course of conduct, entitling Price and New Mexico Class Members to recover for all such violations, regardless of the date they occurred.

### CLASS AND COLLECTIVE ACTION ALLEGATIONS

81. Price incorporates all previous paragraphs and alleges that the illegal pay practices Devon imposed on Price were likewise imposed on the Putative Class Members.

82. Numerous individuals were victimized by this pattern, practice, and policy which is in willful violation of the FLSA and NMMWA.

83. Numerous other individuals who worked with Price indicated they were paid in the same manner, performed similar work, and were not properly compensated for all hours worked as required by state and federal wage laws.

84. Based on his experiences and tenure with Devon, Price is aware that Devon's illegal practices were imposed on the Day Rate Inspectors.

85. The Day Rate Inspectors were all not afforded the overtime compensation when they worked in excess of forty (40) hours per week.

86. Devon's failure to pay wages and overtime compensation at the rates required by state and/or federal law result from generally applicable, systematic policies, and practices which are not dependent on the personal circumstances of the Day Rate Inspectors.

87. Price's experiences are therefore typical of the experiences of the Day Rate Inspectors.

88. The specific job titles or precise job locations of the Day Rate Inspectors do not prevent class or collective treatment.

89. Price has no interests contrary to, or in conflict with, the Day Rate Inspectors. Like each Day Rate Inspector, Price has an interest in obtaining the unpaid overtime wages owed to him under federal law.

90. A class and collective action, such as the instant one, is superior to other available means for fair and efficient adjudication of the lawsuit.

91. Absent this action, many Day Rate Inspectors likely will not obtain redress of their injuries and Devon will reap the unjust benefits of violating the FLSA and applicable state labor laws.

92. Furthermore, even if some of the Day Rate Inspectors could afford individual litigation against Devon, it would be unduly burdensome to the judicial system.

93. Concentrating the litigation in one forum will promote judicial economy and parity among the claims of individual members of the classes and provide for judicial consistency.

94. The questions of law and fact common to the Day Rate Inspectors predominate over any questions affecting solely the individual members. Among the common questions of law and fact are:

    a. Whether the Day Rate Inspectors' rights were violated as a result of Devon's day rate pay plan;

    b. Whether Devon's day rate pay plan was made in good faith;

    c. Whether Devon's decision to not pay time and a half for overtime to the Day Rate Inspectors was made in good faith;

    d. Whether Devon's violation of the FLSA and NMMWA was willful; and

    e. Whether Devon's illegal pay practices were applied uniformly across the nation to all Day Rate Inspectors.

95. Price's claims are typical of the claims of the Day Rate Inspectors. Price and the Day Rate Inspectors sustained damages arising out of Devon's illegal and uniform employment policy.

96. Price knows of no difficulty that will be encountered in the management of this litigation that would preclude its ability to go forward as a collective or class action.

97. Although the issue of damages may be somewhat individual in character, there is no detraction from the common nucleus of liability facts. Therefore, this issue does not preclude collective treatment.

## JURY DEMAND

98. Price demands a trial by jury

## PRAYER

99. WHEREFORE, Price prays for judgment against Devon as follows:

   a. An Order designating this lawsuit as a collective action and permitting the issuance of a notice pursuant to 29 U.S.C. § 216(b) to all similarly situated individuals with instructions to permit them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b);

   b. For an Order pursuant to Section 16(b) of the FLSA finding Devon liable for unpaid back wages due to Price and the FLSA Class Members for liquidated damages equal in amount to their unpaid compensation;

   c. For an order designating the NMMWA class as a class action pursuant to Fed. R. Civ. P. 23;

   d. For an order finding Devon liable for all unpaid overtime owed under the NMMWA at the highest available rates allowed by law;

   e. For an order appointing Price and his counsel to represent the interests of the federal collective and the New Mexico class;

   f. For an Order awarding Price and the Day Rate Inspectors their reasonable attorneys' fees and expenses as provided by the FLSA and NMMWA;

   g. For an Order awarding attorneys' fees, costs and pre- and post-judgment interest; and

  h.  For an Order granting such other and further relief as may be necessary and appropriate.

Respectfully submitted,

By: */s/ Michael A. Josephson*
  **Michael A. Josephson**
  Texas Bar No. 24014780
  **Andrew W. Dunlap**
  Texas Bar No. 24078444
  (*seeking admission pro hac vice*)
  **Carl A. Fitz**
  Texas Bar No. 24105863
  (*seeking admission pro hac vice*)
  **JOSEPHSON DUNLAP LLP**
  11 Greenway Plaza, Suite 3050
  Houston, Texas 77046
  713-352-1100 – Telephone
  713-352-3300 – Facsimile
  mjosephson@mybackwages.com
  adunlap@mybackwages.com
  cfitz@mybackwages.com

  **AND**

  **Richard J. (Rex) Burch**
  Texas Bar No. 24001807
  **BRUCKNER BURCH PLLC**
  8 Greenway Plaza, Suite 1500
  Houston, Texas 77046
  713-877-8788 – Telephone
  713-877-8065 – Facsimile
  rburch@brucknerburch.com

  **ATTORNEYS IN CHARGE FOR PLAINTIFF**