# Exhibit 1

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

JOHN PRICE, Individually and For Others )
Similarly Situated, )
)
          Plaintiff, )
)
v. )  Case No. 2:2020-cv-00316 KWR/GJF
)
DEVON ENERGY CORPORATION, )
)
          Defendant. )

## SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release (the "Settlement Agreement," "Settlement" or "Agreement") is entered into by and between Plaintiff, John Price ("Price" or "Plaintiff"), on behalf of himself and on behalf of the Putative Class Members (as defined below), and Defendant Devon Energy Corporation ("Devon"), subject to the approval of the Court. Plaintiff and Devon may be referred to collectively as the "Parties."

## RECITALS

1.     Plaintiff Price filed his Collective Action Complaint on April 8, 2020, alleging violations of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA") and the New Mexico Minimum Wage Act ("NMMWA"). Case No. 1:20-cv-00316 (D. New Mex.) (ECF No. 1.) Devon denied liability in the Complaint.

2.     The Parties agreed to stay the case and engage in settlement discussions.

3.     Prior to the settlement discussions, Devon provided Plaintiff with electronic pay records which Class Counsel reviewed and analyzed. Class Counsel also engaged in an intensive effort to conduct detailed interviews of the Plaintiff and Putative Class Members. The Parties then engaged in arms' length negotiations.

4.     As a result of the arms' length negotiations, the Parties have agreed to settle this Action according to the terms of this Settlement Agreement on behalf of Plaintiff and the Putative Class Members.

5.     Class Counsel has made a thorough and independent investigation of the facts and law relating to the allegations in the Complaint. In agreeing to this Settlement Agreement, Plaintiff has considered: (a) the facts developed during the settlement discussions and the law applicable thereto; (b) the attendant risks of continued litigation and the uncertainty of the outcome of the claims alleged against Devon; and (c) the desirability of consummating this Settlement according to the terms of this Settlement Agreement. Plaintiff has concluded that the terms of this Settlement are fair, reasonable and adequate, and that it is in the best interests of Plaintiff and the Putative Class Members to settle their claims against Devon pursuant to the terms set forth herein.

6.     Devon denies the allegations in Plaintiff's Complaint and denies that it has any liability for improperly classifying any workers as independent contractors or failing to pay overtime compensation to these individuals. Devon denies that it employed the Plaintiff or the Putative Class Members. Devon is entering into this Agreement because it will eliminate the burden, risk, and expense of further litigation. This Settlement Agreement and all related documents are not and shall not be construed as an admission by Devon of any fault, liability or wrongdoing.

7.     The Parties recognize that notice to the Putative Class Members of the material terms of this Settlement, as well as Court approval of this Settlement, are required to effectuate the Settlement, and that the Settlement will not become operative until the Court grants final approval of it and the Settlement becomes effective.

8.     In consideration of the foregoing and other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged by each party to the other, IT IS HEREBY AGREED, by and between the undersigned, subject to the final approval of the Court and the other conditions set forth herein, that Plaintiff's and the Settlement Class Members' claims against Devon shall be settled, compromised and dismissed, on the merits and with prejudice, and that the Released Claims (as defined below) shall be finally and fully compromised, settled and dismissed as to the Releasees (as defined below), in the manner and upon the terms and conditions set forth below.

## SUMMARY

9.     **Summary:** This is just an overview of the important terms of the settlement, which are explained in more detail in the main body of the Settlement Agreement.

10.     **Purpose of Settlement:** The Parties reached an agreement and resolved the alleged wage and hour liability related to Price and the Putative Class Members.

11.     **Class Counsel:** Josephson Dunlap, LLP and Bruckner Burch, P.L.L.C.

12.     **Claims Administrator:** CPT Group, Inc.

13.     **Putative Class Members:** The forty-five (45) individuals identified on Exhibit A.

14.     **Settlement Class Members:** Those individuals who return Consent to Join and Release Forms.

15.     **Effective Date:** The date of entry of an order and/or stipulated judgment by the court in the Litigation approving the settlement of the Litigation and this Agreement, and the later of two events: (1) the time for filing an appeal of the order of final approval in the consolidated cases lapses; or (2) if a timely appeal or appeals are filed, the final resolution of the appeal or all appeals.

16.     **Class Period:** The time period covered by this settlement is April 8, 2017 through the date on which all Parties have executed this Settlement Agreement.

2

17.     **Settlement Award**: The payment that Price and each Settlement Class Member shall receive pursuant to the terms of the Agreement.

18.     **Settlement Breakdown:** In exchange for a full and final release as set forth more fully below, the Parties (Price, individually, and the individuals identified on Exhibit A) resolved this litigation for the following:

| | |
|---|---|
| Gross Settlement: | $1,000,000.00 |
| Attorney Fees: | $400,000.00 |
| Costs: | $555.00 |
| Claims Administrator: | No more than $15,000.00[1] |
| Service Award: | $5,000.00 |
| Net Settlement: | $579,445.00 |

19.     **Approval:** The Settlement is contingent upon approval by the Court.

20.     **Funding:** Devon shall not be required to fund any portion of the Gross Settlement Amount that is unclaimed by Putative Class Members. Devon shall not be required to fund any portion of the Settlement Amount until after the Effective Date of the Settlement Agreement. The deadline to fund the Settlement and any disbursements to Settlement Class Members shall be stayed until a final resolution, should any appeal to the Court's order approving the Settlement be filed. Devon will fund the Settlement Payments as more fully set out in Paragraph 29.

21.     **QSF:** means Qualified Settlement Fund intended to satisfy the requirements of Treasury Regulation Section 1.468B-1. The QSF shall be court-approved. Funds in the QSF shall be held in a non-interest-bearing account.

22.     **Notice and Claims-made Settlement:** After the Effective Date, Class Counsel or the Claims Administrator shall send a Settlement Notice, Consent to Join and Release Forms as set forth in Exhibit B, and a W-9 tax form to the Putative Class Members. Such Settlement Notice, Consent to Join, Release Forms, and W-9 shall be sent via first class mail and email. Putative Class Members shall have sixty (60) days from the original mailing to return the Notice and Release Forms and W-9 tax form. Class Counsel or the Claims Administrator shall send a reminder postcard to all Putative Class Members thirty (30) days before the close of the Notice Period.

23.     **Notice Period:** From the date of mailing, Putative Class Members shall have sixty (60) days to return the Notice and Release Forms and W-9 tax form. To the extent a Putative Class Member fails to return a completed W-9 tax form during the Notice Period but returns a Consent

---

[1] In the event the total expenses associated with the Claims Administrator are less than $15,000.00, the difference shall be redistributed, on a *pro rata* basis, to the Putative Class Members' Settlement Awards outlined in Exhibit A.

to Joint and Release Form during the Notice Period, such Putative Class Member will be considered a Settlement Class Member who joined the Settlement, and Class Counsel shall make reasonable efforts to obtain a completed W-9 tax form from the Settlement Class Member prior to the Claims Administrator issuing the Settlement Awards under Subparagraph 29(b)(iv). Notwithstanding the foregoing, settlement checks shall not be issued to any Settlement Class Member who fails to return a W-9 to the Claims Administrator.

24.      **Unclaimed Settlement Awards:** Unclaimed Settlement Awards (funds allocated for Putative Class Members who fail to return a Consent to Join and Release Forms and a W-9 tax form) shall not be funded by Devon. No distributions will be made to Putative Class Members who do not return Consent to Join and Release Forms. Unclaimed funds will be retained by Devon and not be redistributed to members of the Settlement Class. Devon will not be required to fund any portion of the settlement attributed to Putative Class Members who do not return a Consent to Join and Release Forms.

25.      **Uncashed Checks:** Funds resulting from checks not deposited within the ninety (90)-day expiration period shall be returned to Devon.

26.      **Release:** Subject to the terms and conditions herein, Devon shall receive a full wage and hour release from Price and the Settlement Class Members.

## RELEASES

27.      **Release:** In consideration of the benefits to be received by Price and the Settlement Class Members under this Settlement:

    a.  **"Releasee(s)"** means Devon Energy Production Company, LP and its past, present and future parent companies, subsidiaries, corporate affiliates, divisions, agents, employees, owners, members, officers, directors, investors, legal representatives, executors, administrators, general partners, limited partners, real or alleged alter egos, predecessors, successors, transferees, assigns, and insurers; and Devon Energy Corporation and its past, present and future parent companies, subsidiaries, corporate affiliates, divisions, agents, employees, owners, members, officers, directors, investors, legal representatives, executors, administrators, general partners, limited partners, real or alleged alter egos, predecessors, successors, transferees, assigns, and insurers.

    b.  **"Released Claims"** means any and all claims, obligations, demands, actions, rights, causes of action and liabilities, whether known or unknown, against Releasees that were or could have been asserted in the threatened action based on allegations of unpaid wages, overtime compensation, liquidated or other damages, unpaid costs, restitution or other compensation or relief arising under the FLSA, along with any state law wage and hour claims (including but not limited to wage payment actions), in weeks when the individual worked for any Releasee during the Class Period.

4

c.  **General Release as to Price**. In addition to the Released Claims above, Price, does hereby and forever release, acquit, and discharge the Releasees, from any and all claims, causes of action, demands, debts, obligations, damages, or liability of any nature whatsoever, known or unknown, that were alleged, could have been alleged, may be based in whole or in part upon, or may arise out of, or are or may be related to or in any way connected with his work with or for Devon during the Class Period, including without limitations any and all claims based in contract or tort, any and all claims concerning applying for work, being retained for work, and being released from work, any and all claims based on any law, statutory or common law, concerning employment or termination of employment. This General Release includes, but is not limited to, claims arising under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 1981, the Civil Rights Act of 1866, the Pregnancy Discrimination Act of 1978, the Equal Pay Act, the Civil Rights Act of 1991, the Age Discrimination in Employment Act, the Rehabilitation Act of 1973, the Americans With Disabilities Act, the Employee Retirement Income Security Act of 1974, any worker's compensation retaliation laws, the Veterans Reemployment Rights Act (all as amended from time to time) and any state or local equivalents. This General Release also includes, but is not limited to, any rights that Price may have under the Older Workers Benefit Protection Act of 1990, the Worker Adjustment and Retraining Act of 1988, the Fair Labor Standards Act, the Family and Medical Leave Act, the Occupational Health and Safety Act and any other federal, state and/or municipal statutes, orders or regulations pertaining to labor, employment and/or employee benefits, as well as any claims or rights growing out of any express or implied contracts, master service agreements, employment contracts, employment torts, and any claims Price may have for fraudulent inducement or misrepresentation, defamation, interference with contract or employment relationship, constructive discharge, wrongful termination, termination in violation of public policy, intentional infliction of emotional distress, or other retaliation claims in connection with workers' compensation or alleged "whistleblower" status or on any other basis whatsoever. All such claims, if any and including any and all claims for attorneys' fees, costs, expenses and the like, are hereby compromised, settled, and extinguished in their entirety. Price, however, does not release any claims for any potential claim for injury as a workers' compensation claim, work place exposure, or personal injury claims in tort. Price represents that, notwithstanding the scope of the released and unreleased claims, he has not filed any claim or suit against the Releasees with any court, arbitrator, administrative agency or other similar body, and no such claims are currently pending. Price represents that, as of the date of this Agreement, he has not aware of any facts that may give rise to any potential claims against Releasees for workers compensation, work place exposure, or personal injury.

d.  **Release by Settlement Class Members who negotiate the Settlement Awards:** In addition to the Settlement Notice, Claim, and Release; each Class Member who negotiates a Settlement Award shall be deemed to have released and discharged the Releasees from the Released Claims.

## CERTIFICATION, NOTICE, AND SETTLEMENT IMPLEMENTATION

28.    The Parties agree to the following procedures for obtaining approval of the Settlement, certifying the Settlement Class, and notifying the Settlement Class of this Settlement:

a.    **Request for Approval Order:** Plaintiff will file an Unopposed Motion to Approve and Proposed Order. The Motion to Approve will also include approval for dismissal of Plaintiff's Rule 23 claims. If, for any reason, the Court does not grant Plaintiff's Unopposed Motion for Approval, the Parties shall make reasonable efforts to cure any alleged deficiencies of their Agreement to resubmit the same to the Court for approval as outlined in paragraph 35.

b.    **Request for Attorneys' Fees:** Plaintiff will file an Unopposed Motion for Attorneys' Fees and Costs. The Unopposed Motion for Fees may be included in the Motion to Approve Settlement. Devon agrees to not oppose a fee request of up to 40% of the Gross Settlement Amount, plus the reimbursement of Class Counsel's out-of-pocket costs. The Parties agree that Plaintiff's Counsel's attorneys' fees and costs are subject to approval by the Court. The attorneys' fees and costs approved by the Court and paid by Devon pursuant to this Agreement shall constitute full satisfaction of Devon's obligations to pay amounts to any person, attorney or law firm for attorneys' fees or costs in this Action and shall relieve Devon from any other claims or liability to any other attorney or law firm for any attorneys' fees or costs to which any of them may claim to be entitled on behalf of Plaintiff or Putative Class Members. A reasonable attorney's fee award is a material term of this Agreement.

c.    **Request for Service Award:** Plaintiff will file an Unopposed Motion for Plaintiff's Service Award. The Unopposed Motion for Service Award may be included in the Motion to Approve Settlement. Devon agrees to not oppose a $5,000.00 Service Award to Plaintiff. Plaintiff's $5,000.00 Service Award is a material term of this Agreement.

d.    **Class Data:** To the extent Devon is in possession of last known address, last known phone numbers, and last known email addresses of the Putative Class Members, Devon will provide to Class Counsel and the Claims Administrator the Putative Class Members' last known addresses, last known telephone numbers, and last known email addresses within fourteen (14) days of the Court approving the settlement.

e.    **Notice:** Following the Effective Date, Class Counsel or the Claims Administrator shall mail and email the Settlement Notice, Consent to Join, and Release Forms and W-9 tax forms to the Putative Class Members. (Exhibit B).

f.    **Notice Period:** The Putative Class Members shall have sixty (60) days from the date of mailing to return their Consent to Join and Release Forms and W-9 tax form. Putative Class Members may return their Consent to Join and Release Forms and W-9 tax form by first class mail, email, or facsimile.

6

g. **Reminder:** Thirty (30) days before the close of the Notice Period, Class Counsel or the Claims Administrator shall send a reminder postcard to the Putative Class Members in the form found at Exhibit C.

h. **Notification to Devon of Claim Form and Release:** Within five (5) business days of the expiration of the Notice Period, Class Counsel or the Claims Administrator shall provide Devon with copies of the Consent to Join and Release Forms and W-9 tax forms, as well as dollar amounts due to each Settlement Class Member, who has filed a Consent to Join Collective Action and returned a Release Form and W-9 tax form.

## SETTLEMENT FUNDS AND AWARD CALCULATION

29.    The Parties agree that the Gross Settlement amount and awards shall be deposited, calculated, and disbursed in accordance to the below:

a. **Disbursement by Class Counsel or Claims Administrator:** All disbursements shall be made by Class Counsel or Claims Administrator within fourteen (14) days of funds being deposited in the QSF.

b. **Payments:** Devon shall make the following payments:

i. **Service Award to Price:** In addition to his settlement share, Price shall receive Five Thousand and 00/100 Dollars ($5,000.00) from the Gross Settlement Amount for his efforts in bringing and prosecuting this matter and providing Devon with a General Release. This payment shall issue along with a Form 1099. Devon shall fund the amount of the service award to the QSF not later than fourteen (14) days after the expiration of the Notice Period, provided the condition in subparagraph 29(b)(v) is met. The Service Award to Price will be paid within fourteen (14) days after the deposit of funds into the QSF. The payment described in this paragraph is in excess of the payment Price will receive as listed on Exhibit A.

ii. **Attorneys' Fees and Costs:**

1) Class Counsel shall receive attorneys' fees in an amount of $400,000.00 which will compensate Class Counsel for all work performed in the Action as of the date of this Settlement Agreement as well as all of the work remaining to be performed, including but not limited to documenting the Settlement, securing approval of the Settlement, making sure that the Settlement is fairly administered and implemented, and obtaining final dismissal of the Action. In addition, Class Counsel shall receive reimbursement of their out-of-pocket costs of an amount not to exceed $555.00. Attorneys' fees and costs shall be paid into the QSF not later than fourteen (14) days after the expiration of the Notice Period, provided Class Counsel has provided Devon with a W-9 tax form and the condition in

7

subparagraph 29(b)(v) is met. Within fourteen (14) days after the deposit of funds into the QSF, the Claims Administrator shall wire the amount approved by the Court as Class Counsel's attorneys' fees and costs to Class Counsel's IOLTA Account, and this amount shall be reported on IRS Form 1099 as directed by Class Counsel.

2) The attorneys' fees and costs paid by pursuant to this Agreement shall constitute full satisfaction of Releasees obligations to pay amounts to any person, attorney or law firm for attorneys' fees or costs in this Action on behalf of Price and/or any Settlement Class Member, and shall relieve Releasees from any other claims or liability to any other attorney or law firm for any attorneys' fees or costs to which any of them may claim to be entitled on behalf of Price or any Settlement Class Member.

3) A Form 1099 shall be provided to Class Counsel for the payments made to Class Counsel. Class Counsel shall be solely and legally responsible to pay any and all applicable taxes on the payment made to them.

iii. **Claims Administrator:** Subject to the Court's approval, Class Counsel will appoint CPT Group, Inc. as the Claims Administrator for this matter. The Claims Administrator shall be paid no more than Fifteen Thousand and No/100 ($15,000.00) for settlement administration costs. The Claims Administrator fees shall be paid out of the Gross Settlement Fund. The Claims Administrator shall be responsible for the mailing of all disbursements from the QSF, all tax forms, and all reporting required by this Settlement Agreement and IRS regulations.

iv. **Settlement Awards to Class Members:** Settlement Awards shall be sent to Settlement Class Members who opt-in during the Notice Period and who return a Release Form and W-9 Tax Form. Settlement Awards shall be paid not later than thirty (30) days after the expiration of the Notice Period, provided the conditions in subparagraph 29(b)(v) are met.

v. No payments will be made by Devon until the Settlement Agreement is granted final court approval and all appeal deadlines have passed or any appeals have been fully determined.

c. **Settlement Award Eligibility:** All Putative Class Members shall be allocated a Settlement Award from the Net Settlement Amount. Class Counsel shall be responsible for determining eligibility for, and the amount of, the Settlement Awards based on the following formula:

i. Class Counsel will calculate an award for each Putative Class Member from the Net Settlement Amount based on the allocations completed by Class Counsel during the Class Period. Each member of the Settlement Class who timely opts into the lawsuit and returns an executed Release Form and W-9 tax form is entitled to a pro rata share of the Net Settlement

8

Amount based upon the formula that will be based on number of weeks worked during the relevant time period and Devon's pay records which have been produced by Devon for all Putative Class Members. The net amount each Putative Class Member is eligible to receive under this settlement is listed on Exhibit A.

ii. No federal or state taxes or withholding will be made from the settlement payments made to Settlement Class Members under this Agreement. Settlement Class Members are responsible for payment of their own taxes on the settlement payments. Devon, through the Claims Administrator, shall issue an IRS 1099 form to each Settlement Class Member for amounts paid to each Settlement Class Member. No tax advice is provided to Plaintiffs by Devon.

iii. Class Counsel or the Claims Administrator shall provide Devon with a report of the opt-ins and releases at the end of the Notice Period as outlined in subparagraph 28(i), with the names of individuals returning such, and copies of each Consent to Join and Release Forms and W-9 tax forms.

iv. All Settlement Award checks shall remain valid and negotiable for ninety (90) days from the date of their issuance and may thereafter automatically be canceled if not cashed within that time, at which time the right to recover any Settlement Award will be deemed void and of no further force and effect. All settlement checks shall be accompanied by a letter stating that the checks are valid and negotiable for only a period of ninety (90) days.

v. All funds resulting from a Putative Class Member's failure to opt-in will not be funded by Devon. All funds resulting from uncashed checks shall be returned to Devon. The Putative Class Members' claims shall be preserved.

vi. All Settlement Class Members who deposit the Settlement Award shall be considered to have accepted the Release in favor of the Releasees, as set forth in this Settlement Agreement.

d. **No Claim Based Upon Distributions or Payments in Accordance with this Settlement Agreement.** No person shall have any claim against Releasees, Price, or Class Counsel based on distributions or payments made in accordance with this Settlement Agreement. Class Counsel and Devon's Counsel do not intend this Settlement Agreement to constitute legal advice relating to the tax liability of any Settlement Class Member. To the extent that this Settlement Agreement, or any of its attachments, is interpreted to contain or constitute advice regarding any federal, state or local tax issue, such advice is not intended or written to be used, and cannot be used, by any person for the purpose of avoiding any tax liability or penalties.

## MISCELLANEOUS

30.    **QSF:** The Claims Administrator will establish a QSF for all payments required under this Settlement Agreement. Devon shall cause the Gross Settlement Amount (less amounts unclaimed by Putative Class Members) to be deposited in the QSF within fourteen (14) days of the close of the Notice Period.  The Court shall issue an order which shall also approve the establishment of a QSF pursuant to 26 CFR 1.468B-1. Devon shall not be required to fund any portion of the Gross Settlement Amount that is unclaimed by Putative Class Members. The Claims Administrator shall administer the QSF. The Claims Administrator will make all payments under the Settlement Agreement from the QSF in accordance with the Court's order of approval of the Settlement Agreement. The QSF shall be approved by the Court and shall satisfy the requirements of applicable IRS regulations.

31.    **No Tax Advice or Warranties:** Class Counsel and Devon's Counsel do not intend this Settlement Agreement to constitute legal advice relating to the tax liability of any Plaintiff. There are no representations to the Settlement Class Members as to the taxability or non-taxability of any payments under this Settlement Agreement. To the extent that this Settlement Agreement, or any of its attachments, is interpreted to contain or constitute advice regarding any federal, state or local tax issue, such advice is not intended or written to be used, and cannot be used, by any person for the purpose of avoiding any tax liability or penalties. The Parties agree that no party warrants or represents how the IRS or other governmental taxing authorities will treat the payments described above for tax purposes, and agree that no further payment of money will be due to Settlement Class Members in the event that the payment or the Release embodied in this Agreement, or any portion thereof, as found by a government taxing authority to be or result in taxable income to Settlement Class Members. Settlement Class Members shall be solely responsible for any and all taxes due or payable to any federal, state or local government for the amounts payable to Settlement Class Members under this Agreement and agree to report such payments as may be required by law. If a government taxing authority determines that additional taxes should have been paid on any payments made by Devon to Settlement Class Members, Devon will be responsible for paying Devon's portion of such taxes and Settlement Class Members will be responsible for paying the Settlement Class Members' portion of such taxes. Upon receipt of written notification from Devon that such liability has been imposed by any of those entities and the amount thereof, Settlement Class Members shall fully remit such monies to the demanding authority. Nothing contained in this paragraph shall be construed to limit or in any way diminish the scope of the Release.

32.    **No Admission of Liability:** This Settlement Agreement and all related documents are not and shall not be construed as an admission by Releasees of any fault or liability or wrongdoing. Releasees deny all of the claims asserted in the litigation, and will reflect that the Parties have reached a compromise agreement to settle the minimum wage and overtime disputes to avoid incurring additional costs in the litigation

33.    **No Additional Benefits:** Settlement payments to Settlement Class Members do not entitle Settlement Class Members to any additional compensation or benefits from Devon under any company compensation or benefit plan, or to any retirement or deferred compensation benefits.

34.   **Devon's Legal Fees:** Devon's legal fees and expenses in connection with this action shall be borne by Devon.

35.   **Nullification of the Settlement Agreement:** In the event: (a) the Court does not finally approve the Settlement as provided herein; or (b) the Settlement does not become final for any other reason, the Parties agree to engage in follow up negotiations with the intent of resolving the Court's concerns that precluded approval, and if feasible, to resubmit the settlement for approval within thirty (30) days. If the settlement is not approved as resubmitted or if the Parties are not able to reach another agreement, then either Party may void this Agreement; at that point, the Parties agree that each shall return to their respective positions on the day before this Agreement and that this Agreement shall not be used in evidence or argument in any other aspect of their litigation.

36.   **Inadmissibility of Settlement Agreement:** Except for purposes of settling the threatened action, or enforcing its terms (including that claims were settled and released), resolving an alleged breach, or for resolution of other tax or legal issues arising from a payment under this Settlement Agreement, neither this Agreement, nor its terms, nor any document, statement, proceeding or conduct related to this Agreement, nor any reports or accounts thereof, shall be construed as, offered or admitted in evidence as, received as, or deemed to be evidence for any purpose adverse to the Parties, including, without limitation, evidence of a presumption, concession, indication or admission by any of the Parties of any liability, fault, wrongdoing, omission, concession or damage in this Action or in any other proceeding, including whether or not any Putative Class Member is similarly situated and/or jointly employed by Devon.

37.   **Public Statement and Confidentiality:** The Parties and their counsel agree that they will not issue any press releases or hold any press conferences or initiate any contact with the press, media or any industry association about this case and/or the fact, amount or terms of the Settlement. If the Parties or their counsel are contacted by the press, media or any industry association, they will respond only that the case has been amicably resolved to the Parties' mutual satisfaction. Class Counsel shall keep the terms of this Agreement confidential with the exception of the necessary communications with the Court, Putative Class Members, and the Class Counsel's clients in this matter. The Parties shall not publicize the settlement or otherwise use or disclose the information obtained in connection with the action (including Releasees' wage and hour practices) for any purpose unrelated to this litigation and settlement. In other words, Class Counsel shall not publicize the settlement through, among other channels or mediums, emails, website, press releases, or press conferences. Additionally, Price shall not make any public announcement or statement concerning settlement of the case or the terms of the settlement, other than that the case is resolved and the settlement will be submitted to the Court for approval. The no public statements clause includes written and electronic statements, including on web sites and social media sites. Notwithstanding the foregoing, Devon may disclose terms of this Agreement and related negotiations to the extent required by law, government regulation, or judicial or government order. Devon also may disclose the terms of this Agreement and amounts paid to Settlement Class Members in any subsequent litigation where the Settlement Class Members may be interested parties.

38.   **Covenant Not To Sue:** Price and Settlement Class Members covenant and agree that they will forever forbear from pursuing, asserting or filing any complaint, claim, demand,

11

cause of action, charge, or lawsuit or commence any action of any kind with any local, state, federal or foreign court, agency, tribunal, judicial body or quasi-judicial body, and they will not in any other way make or continue to make any demand or claims or seek a recovery against the Releasees for any of the Released Claims arising during the Class Period. This provision, however, shall not bar Settlement Class Members or Devon from bringing a claim to enforce this Agreement, and Settlement Class Members and Devon expressly consent to the continuing jurisdiction of the Court to enforce the items of this Agreement.

39. **Computation of Time:** For purposes of this Agreement, if the prescribed time period in which to complete any required or permitted action expires on a Saturday, Sunday, or legal holiday (as defined by FED. R. CIV. P. 6(a)(6)), such time period shall be continued to the following business day.

40. **Interim Stay of Proceedings:** The Parties agree to hold in abeyance all proceedings related to the claims and allegations, whether pending or anticipated, except such proceedings necessary to implement and complete the Settlement.

41. **Dismissal:** Upon Court Approval of the Settlement Agreement, the Parties shall prepare and file a Notice of Dismissal with Prejudice. The Parties shall seek dismissal of the Plaintiff's Rule 23 claims and note that the Settlement Agreement does not bind those individuals who do not opt-in. As further set out in Paragraph 46 of this Agreement, the Court shall retain jurisdiction over the Parties to enforce the terms of the Settlement Agreement.

42. **Amendment or Modification:** This Agreement may be amended or modified only by a written instrument signed by counsel for all Parties or their successors in interest.

43. **Entire Settlement Agreement:** This Agreement constitutes the entire agreement among the Parties, and no oral or written representations, warranties or inducements have been made to any Party concerning this Agreement other than the representations, warranties, and covenants contained and memorialized in such documents. All prior or contemporaneous negotiations, memoranda, agreements, understandings, and representations, whether written or oral, are expressly superseded hereby and are of no further force and effect. Each of the Parties acknowledges that they have not relied on any promise, representation or warranty, express or implied, not contained in this Agreement.

44. **Authorization to Enter into Settlement Agreement:** Counsel for all Parties warrant and represent that they are expressly authorized by the Parties whom they represent to enter into this Agreement and to take all appropriate action required or permitted to be taken by such Parties pursuant to this Agreement to effectuate its terms, and to execute any other documents required to effectuate the terms of this Agreement. The Parties and their counsel shall cooperate with each other and use their best efforts to affect the implementation of the Agreement.

45. **Binding on Successors and Assigns:** This Agreement shall be binding upon, and inure to the benefit of Price, Devon, the Settlement Class Members and their heirs, beneficiaries, executors, administrators, successors, transferees, successors, assigns, or any corporation or any entity with which any party may merge, consolidate or reorganize.

12

46.    **Counterparts:** This Agreement may be executed in one or more counterparts, including by facsimile or email, and including by hand or electronically. All executed counterparts and each of them shall be deemed to be one and the same instrument. All executed copies of this Agreement, and photocopies thereof (including facsimile and/or emailed copies of the signature pages), shall have the same force and effect and shall be as legally binding and enforceable as the original.

47.    **No Signature Required by Class Members:** Only Price will be required to execute this Settlement Agreement. The Settlement Notice will advise all Putative Class Members of the binding nature of the release and such shall have the same force and effect as if this Settlement Agreement were executed by each Putative Class Member.

48.    **Cooperation and Drafting:** The Parties have cooperated in the drafting and preparation of this Agreement; hence the drafting of this Agreement shall not be construed against any of the Parties. The Parties agree that the terms and conditions of this Agreement were negotiated at arm's length and in good faith, and reflect a settlement that was reached voluntarily based upon adequate information and sufficient discovery and after consultation with experienced legal counsel.

49.    **Governing Law:** All terms of this Settlement Agreement and the exhibits hereto shall be governed by and interpreted according to the laws of the State of Oklahoma and the United States of America, where applicable.

50.    **Jurisdiction of the Court:** The Court shall retain jurisdiction with respect to the interpretation, implementation, and enforcement of the terms of this Settlement and all orders and judgments entered in connection therewith, and the Parties and their Counsel submit to the jurisdiction of the Court for this purpose.

IN WITNESS WHEREOF, the Parties and their counsel have executed this Settlement Agreement as follows:

**Plaintiff:** _____    Date: April __, 2021
John Price

**Defendant:** _____    Date: April 1, 2021
By: GLEN MAYNARD
VP & ASSOCIATE GENERAL COUNSEL

13

46.     **Counterparts:** This Agreement may be executed in one or more counterparts, including by facsimile or email, and including by hand or electronically. All executed counterparts and each of them shall be deemed to be one and the same instrument. All executed copies of this Agreement, and photocopies thereof (including facsimile and/or emailed copies of the signature pages), shall have the same force and effect and shall be as legally binding and enforceable as the original.

47.     **No Signature Required by Class Members:** Only Price will be required to execute this Settlement Agreement. The Settlement Notice will advise all Putative Class Members of the binding nature of the release and such shall have the same force and effect as if this Settlement Agreement were executed by each Putative Class Member.

48.     **Cooperation and Drafting:** The Parties have cooperated in the drafting and preparation of this Agreement; hence the drafting of this Agreement shall not be construed against any of the Parties. The Parties agree that the terms and conditions of this Agreement were negotiated at arm's length and in good faith, and reflect a settlement that was reached voluntarily based upon adequate information and sufficient discovery and after consultation with experienced legal counsel.

49.     **Governing Law:** All terms of this Settlement Agreement and the exhibits hereto shall be governed by and interpreted according to the laws of the State of Oklahoma and the United States of America, where applicable.

50.     **Jurisdiction of the Court:** The Court shall retain jurisdiction with respect to the interpretation, implementation, and enforcement of the terms of this Settlement and all orders and judgments entered in connection therewith, and the Parties and their Counsel submit to the jurisdiction of the Court for this purpose.

IN WITNESS WHEREOF, the Parties and their counsel have executed this Settlement Agreement as follows:


**Plaintiff:**      John Price (Apr 6, 2021 12:16 MDT)           Date: April Y6__, 2021
                    John Price



**Defendant:**      _____           Date: April __, 2021
                    By:

13

**Exhibit A**

| Last Name | First Name | Settlement Share |
|---|---|---|
| Anaya | Victor | $4,748.43 |
| Armstrong | Jerrod | $16,224.12 |
| Ashcroft | Bruce | $22,255.33 |
| Ashcroft | James | $14,118.26 |
| Babcock | Clinton | $4,307.28 |
| CdeBaca | Michael | $8,572.60 |
| Chavez | Jessica | $2,550.30 |
| Chisum | Lance | $1,762.70 |
| Crossland | Justin | $20,400.45 |
| Dejmal | Ryan | $7,546.64 |
| Edwards, Jr. | Steven | $14,139.13 |
| Evers | Michael | $40,793.06 |
| Faver | Norman | $28,785.85 |
| Fidler | Zachary | $13,491.39 |
| Fleming | Arthur | $1,395.92 |
| Gatrell | Robert | $7,368.65 |
| Gatrelll | Bob | $2,601.15 |
| Griffith | Paul Wayne | $10,702.72 |
| Hendrix | Royce | $12,869.07 |
| Hopper | Mark | $1,537.68 |
| Horton | Jacob | $7,604.73 |
| Jones | Keith | $8,730.25 |
| Loomis | William | $15,778.52 |
| Macedo | Michael | $34,687.63 |
| Mangum | Jim | $720.85 |
| Martin | Richard | $21,701.02 |
| Matthews | Tommy | $4,725.55 |
| Miller | Kelly | $3,684.32 |
| Mobley | Stan | $31,776.66 |
| Neely | Dallas | $18,331.36 |
| Page | Andrew | $500.00 |
| Powell | John | $47,867.18 |
| Powell | Ross | $19,945.60 |
| Price | John | $5,091.38 |
| Reed | Lenny | $11,863.45 |
| Rose | Keith | $17,674.71 |
| Rudder | Danny | $13,938.90 |
| Salazar | Armando | $41,257.44 |
| Schurman | Robert | $1,132.76 |
| Shelton | Willie | $12,045.88 |
| Spencer | Chad | $1,687.70 |

14

| | | |
|---|---|---|
| Teague | Cortland | $3,487.90 |
| Thomas | Calbert | $10,388.70 |
| Wall | Eli | $8,151.79 |
| Williams | Michael | $500.00 |

## **EXHIBIT B**

**\*\*COURT-AUTHORIZED NOTICE REGARDING SETTLEMENT\*\***
**NOT AN ADVERTISEMENT FROM A LAWYER**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

| | | |
|---|---|---|
| JOHN PRICE, Individually and For Others Similarly Situated, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. 2:2020-cv-00316 KWR/GJF |
| DEVON ENERGY CORPORATION, | ) ) | |
| Defendant. | ) | |

**NOTICE TO PUTATIVE CLASS MEMBERS REGARDING SETTLEMENT OF A CLASS AND COLLECTIVE ACTION CONCERNING CURRENT AND FORMER INDEPENDENT CONTRACTORS OF DEVON**

**SUMMARY OF YOUR LEGAL RIGHTS AND OPTIONS IN THIS COLLECTIVE ACTION SETTLEMENT**

A proposed settlement (the "Settlement") has been reached in the above-referenced class and collective action lawsuit currently pending in the United States District Court for the Western District of Oklahoma captioned *John Price et al. v. Devon Energy Corporation* (the "Litigation"). Because you work or worked as an independent contractor assigned to work for Devon Energy Production Company, LP ("Devon") by MBF Inspections Services, Inc. in the role of chief inspector or utility inspector sometime between April 8, 2017 and _____,[2] you are impacted by this settlement. The settlement involves claims under the federal Fair Labor Standards Act ("FLSA").

| You May: | Description: |
|---|---|
| Receive Settlement Money – Return Consent Form. | You will receive a pre-tax settlement allocation of **XXX** from this settlement. To receive your portion of the settlement in the mail, you need to return the enclosed Consent Form and Release Form and W-9 tax form by <<60 days from mailing>>. You will receive your settlement check in the mail by <<90 days from mailing of notice>>. By executing the check, you will release all of the federal and state law claims listed in the Claim Form. |
| Not Return the Consent Form | If you do not want to participate in the settlement, you should not return the Consent Form or Release Form. By not returning the Consent Form or the Release Form, you will not be waiving any rights or claims that you may have against Devon under federal law. |

*For additional information or if you have questions*
*regarding this settlement, you may contact Class Counsel:*

---

[2] The date on which all Parties have executed the Settlement Agreement.

Michael Josephson
Carl Fitz
**JOSEPHSON DUNLAP, LLP**
11 Greenway Plaza, Suite 3050
Houston, Texas 77046
Telephone: (713) 352-1100
Fax: (713) 352-3300
E-mail: info@mybackwages.com

Richard J. ("Rex") Burch
**BRUCKNER BURCH PLLC**
11 Greenway Plaza, Ste. 3025
Houston, Texas 77046
Phone: (713) 877-8788
Fax: (713) 877-8065
Email: frontdesk@brucknerburch.com

| I. | **DESCRIPTION OF THE CLASS AND COLLECTIVE ACTION SETTLEMENT** |
|---|---|

### What is The Lawsuit About and Why Was This Notice Sent?

Certain current and former workers who were paid a day-rate ("Putative Class Members") and who were assigned to work for Devon by MBF Inspection Services, Inc. filed a lawsuit against Devon alleging that the Putative Class Members should have been classified as employees and received overtime pay. The Putative Class Members alleged that the classification of the workers as independent contractors violated the Fair Labor Standards Act. The Putative Class Members were seeking unpaid back wages in the form of unpaid overtime for all hours worked over 40 hours in a week, liquidated damages, attorney fees, and costs.

Devon defended the lawsuit and denied that they violated federal or state law. Devon asserted that its pay practices were appropriate. Devon took the position that no damages should be awarded to the Putative Class Members.

After arms-length negotiations, the Parties reached this settlement. The Parties agreed to a settlement and presented it to the Court for approval. The settlement has been filed with the Court. On XXX, the Court approved the settlement as fair and reasonable.

The Court that approved this settlement allowed the issuance of this notice to explain to the persons affected by this settlement the background of the case, the settlement share allocated to each Putative Class Member, and the rights each Putative Class Member can exercise.

### Who is Affected by The Proposed Settlement?

You are receiving this Notice because you were identified by Devon as being a person assigned to work at Devon by MBF Inspection Services, Inc. sometime between April 8, 2017 and _____ [3] in the role of chief inspector or utility inspector who was paid a day-rate during the time period covered by this Settlement. Should you choose to opt-in and participate in this lawsuit, you will receive additional compensation from Devon through this settlement.

---

[3] The date on which all Parties have executed the Settlement Agreement.

| **What Are Your Options?** |
| --- |

1.    **Participate:** Execute and return the enclosed Consent Form and Release Form and W-9 tax forms. You will be mailed a settlement check by <<90 days from mailing of notice>>.

2.    **Not Participate:** If you do not want to participate in the settlement, you should not execute or return the enclosed Consent Form and Release Form and W-9 tax form.

| **Once you receive the settlement checks, what do you do next?** |
| --- |

If you wish to participate in the settlement, when you receive the settlement checks, you should execute or otherwise cash or deposit the settlement check within **90 days**. By executing the settlement check, you will release Devon and its affiliates of all wage and hour related claims as described in the Settlement Agreement for the time period covered by the settlement – April 8, 2017 to _____.[4]

If you do not execute the settlement check within **90 days** of receiving it, you will not release Devon, its affiliates of the wage and hour related claims arising from the Fair Labor Standards Act. Your settlement share attributable to your Fair Labor Standards Act claims will be returned to Devon.

| **No Retaliation.** |
| --- |

Whether you are a current or former independent contractor who is eligible for this Settlement, Devon will not take any action against individuals who either choose to participate in the Settlement or decide not to do so.

| **What if You Have Questions?** |
| --- |

This Notice only summarizes the lawsuits, the Settlement, and related matters. For more information about the Settlement or if you have any questions regarding the Settlement, you may examine the Court file, or contact the attorneys for the Class listed above.

| **II.    SUMMARY OF TERMS OF THE PROPOSED SETTLEMENT** |
| --- |

Subject to final approval by the Court, the terms of the Settlement are as follows:

---

[4] The date on which all Parties have executed the Settlement Agreement.

19

1.      Devon will allocate the Gross Settlement Amount to pay: (a) the claims of the Putative Class Members; (b) Class Counsel's fees and litigation costs; (c) costs for a settlement claims administrator; and (d) Enhancement Award to the Class Representative, James Price.

2.      After deduction from the Gross Settlement Amount for Class Counsel's attorneys' fees and litigation costs, Claims Administrator costs, and Enhancement Award, the remaining portion of the Gross Settlement Amount will be allocated ("Settlement Allocation") on a pro rata basis to each Putative Class Member. Each Putative Class Member who returns a Consent and Release Forms and W-9 tax form will receive a settlement payment for the Class Member's Settlement Allocation.

3.      The Parties have agreed to an approach that they believe fairly allocates the portion of the Settlement Amount to be paid to Class Members between and among the Class Members. On **XXX**, the Court approved the recommended formula and factors.

4.      The Court awarded attorneys' fees in an amount not to exceed 40% of the Maximum Settlement Amount and reasonable litigation costs (including a claims administrator), all of which will be paid from the Gross Settlement Amount. In addition, the Court has authorized Enhancement Award to the Class Representative in the amount of $5,000.00.

5.      Each individual who participates in the settlement and executes the settlement checks is deemed to fully and finally release and discharge Devon and its affiliates, from any and all applicable federal, state, or local wage and hour claims, obligations, demands, actions, rights, causes of action, and liabilities against Devon related to or in any way connected with your work with or for Devon between April 8, 2017 and _____,[5], including (a) all claims asserted or which could have been asserted in the Litigation (as defined above) which arose under the facts alleged and/or applicable state or local wage and hour laws and regulations; (b) all claims under applicable state or local laws and regulations for the failure to pay any type of overtime compensation or other wages (including late payments of wages or business expenses); (c) all claims which arose under any applicable state or local laws or regulations for the failure to provide or pay for meal periods and/or rest periods; (d) all claims under applicable state or local laws or regulations, including but not limited to alleged recordkeeping violations, stemming from or based on the alleged misclassification as an exempt employee; and (e) all claims for penalties or additional damages which allegedly arise from the claims described in (a) through (d) inclusive above under applicable federal, state or local law.

## III.    TAXES

For tax reporting purposes, any payments made pursuant to the Settlement shall be shall be deemed payment in settlement of claims for penalties, liquidated damages, interest, and all other non-wage recovery. Such amounts will not be subject to withholding or deduction and will be

---

[5] The date on which all Parties have executed the Settlement Agreement.

reported as non-wage income on a Form 1099 or equivalent, and such other state or local tax reporting forms as may be required by law.

If you have any questions regarding the tax treatment of any payments pursuant to the Settlement, you should consult your own tax advisor.

## IV.     ADDITIONAL INFORMATION

This Notice only summarizes the Litigation, the Settlement, and other related matters. For more information, you may contact the attorneys representing the Settlement Class above, and/or you may review the Court's files, including the detailed Settlement Agreement, which will be on file with the Clerk of the Court. The pleadings and other records in the Litigation, including the Settlement Agreement, may be examined at the Office of the Clerk of the United States District Court for the Western District of Oklahoma, located at 200 NW 4th Street, Oklahoma City, Oklahoma 73102.

## V.     IF YOU CHANGE YOUR NAME OR ADDRESS

IF, FOR FUTURE REFERENCE AND MAILINGS FROM THE COURT OR CLAIMS ADMINISTRATOR, YOU WISH TO CHANGE THE NAME OR ADDRESS LISTED ON THE ENVELOPE IN WHICH THIS NOTICE WAS MAILED TO YOU, THEN YOU MUST IMMEDIATELY CONTACT THE ATTOTNEYS LISTED ABOVE AND FULLY COMPLETE, EXECUTE, AND RETURN THE CHANGE OF NAME AND/OR ADDRESS INFORMATION FORM TO CLASS COUNSEL.

**PLEASE DO NOT CALL OR WRITE THE COURT ABOUT THIS NOTICE.**

## CONSENT TO JOIN COLLECTIVE ACTION AND BE
## REPRESENTED BY JOSEPHSON DUNLAP, LLP AND BRUCKNER BURCH, P.L.L.C.

- I, _____(print name), consent to join the above styled lawsuit seeking damages for unpaid wages under the FLSA against Devon Energy Production Company, LP and Devon Energy Corporation.

- I authorized the named Plaintiff to file and prosecute the above referenced matter in my name, and on my behalf, and designate the named Plaintiff to make decisions on my behalf concerning the litigation.

- I agree to be bound by the settlement negotiated in this case.

- I agree to be represented by Josephson Dunlap, LLP and Bruckner Burch, P.L.L.C., counsel for the named Plaintiff.

Date: _____

Signature: _____

Written Name: _____

22

## RELEASE

I want to accept my estimated settlement of $_____. I have read the Notice regarding the overtime settlement with Devon Energy Production Company, LP and Devon Energy Corporation. I had the opportunity to talk to Class Counsel, attorneys for Plaintiff in the Lawsuit, about my rights and obligations under the settlement. I am making an informed, knowledgeable, and voluntary decision to sign this Claim Form and Release so I can obtain my settlement payment.

**I understand that if I want to participate in this settlement that my signed Claim Form and Release must be postmarked, faxed, or emailed by «60 days after the Claim Form was sent» or I will not receive any money under the settlement.**

**Release of Claims.** In consideration for the payment of my settlement share, I am giving up potential or actual claims against various persons and entities. I am also giving up the right to sue for potential or actual claims against various persons and entities. In particular, I waive and release Devon Energy Production, LP and any and all of its past and present affiliates, successors, assigns, businesses, parent companies, subsidiaries, divisions, partnerships, limited partnerships, partners, joint ventures, predecessors, officers, directors, trustees, conservators, employees, agents, insurance carriers, contractors, representatives, shareholders, and external and in-house attorneys, and all persons or entities claiming through such parties and Devon Energy Corporation and any and all of its past and present affiliates, successors, assigns, businesses, parent companies, subsidiaries, divisions, partnerships, limited partnerships, partners, joint ventures, predecessors, officers, directors, trustees, conservators, employees, agents, insurance carriers, contractors, representatives, shareholders, and external and in-house attorneys, and all persons or entities claiming through such parties (collectively referred to as "Devon") during the time period beginning three (3) years back from the date I sign this Claim Form and Release from any and all claims relating to compensation, wages, overtime, benefits under the Fair Labor Standards Act or any other federal, state or local wage and hour law and any other claims related to compensation or unpaid compensation for providing services to Devon.

For tax reporting purposes, the entire settlement payment will be considered liquidated damages reported as non-wage income on a Form 1099. You agree that Devon Energy Production Company, LP and Devon Energy Corporation has made no representations regarding the proper tax treatment of such payments.

I declare the foregoing representations and information are true and correct. By submitting the Claim Form and Release, I am consenting to join this Lawsuit and Settlement and am releasing Devon Energy Production Company, LP and Devon Energy Corporation as described above.

**This information will be maintained securely and confidentiality.**

_____          _____
(Sign Your Name Here)                     (Date)

_____
Printed Name

_____          _____
Cell Phone                                Email Address

_____          _____
Address                                   City, State, ZIP

_____
Emergency Contact Number

24

## **EXHIBIT C**

**<u>Devon Energy Production Company, LP, Wage Litigation Settlement</u>**

Our records show that you are a current or former independent contractor of Devon Energy Production Company, LP and/or Devon Energy Corporation. You are eligible to receive payment as part of a settlement for alleged violations of state and federal wage and hour laws. A Consent to Join Action and Settlement form ("Consent") was mailed to you on ___. To date, you have not responded. **In order to receive a settlement payment for the FLSA claims, your completed Consent Form, Release Form, and W-9 must be received (or postmarked) no later than:**

**_____, 2021**

You may either return the consent form that was previously mailed to you at this address, or e-sign and submit a consent form at _____. If your Consent is not received by the deadline you <u>will not</u> receive a payment from the FLSA settlement.

For more information about the case, or to get another copy of the form, please call toll free _____ or visit _____.

26