# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

JOHN PRICE,
*Individually and for others similarly situated,*

       Plaintiff,

vs.                                                            Case No. 2:20-cv-00316-KWR-GJF

DEVON ENERGY CORPORATION,

       Defendant.

## ORDER GRANTING MOTION TO APPROVE SETTLEMENT AGREEMENT, REASONABLE ATTORNEYS' FEES, AND PLAINTIFF'S SERVICE AWARD

**THIS MATTER** is before the Court on Plaintiff's Unopposed Motion to Approve FLSA Settlement, Attorneys' Fees and Costs and Plaintiff's Service Award **(Doc. 29)**, and the Court's order to show cause **(Doc. 30)**. The parties filed a joint response to the order to show cause. **Doc. 31.** The parties are proceeding on the FLSA collective action and are not proceeding on the Rule 23 class action claim.

In light of their response, the Court finds that the parties have created an adequate record explaining why prior notice to the opt-in class is not necessary. The parties will send notice to the proposed collective action members to opt-in, and therefore this settlement does not bind them unless they opt in. Each individual will in effect receive an individual settlement offer, and each person can decide to accept or reject the offer.

Generally, the Court does not require judicial approval of a settlement in an FLSA collective action. The Court also does not require a fairness hearing under these circumstances. *See Hawthorn v. Fiesta Flooring, LLC*, No. 1:19-CV-00019 WJ/SCY, 2020 WL 3085921, at *1

(D.N.M. June 10, 2020); *Lee v. Best Budz LLC*, No. 19-CV-02430-KMT, 2019 WL 5964966, at *1 (D. Colo. Nov. 12, 2019), *citing Fails v. Pathway Leasing LLC*, No. 18-cv-00308, 2018 WL 6046428, at *4 (D. Colo. Nov. 19, 2018); *Ruiz v. Act Fast Delivery of Colo., Inc.*, No. 14-cv-00870-MSK-NYW, ECF No. 132 (D. Colo. Jan. 9, 2017)); s*ee also Acevedo v. Sw. Airlines Co.*, No. 1:16-CV-00024-MV-LF, 2019 WL 6712298, at *7 (D.N.M. Dec. 10, 2019), *report and recommendation adopted,* No. 1:16-CV-00024-MV-LF, 2020 WL 85132 (D.N.M. Jan. 7, 2020) (noting that an "extensive review of every FLSA settlement has never been required by the Tenth Circuit," and "though Tenth Circuit district courts are split regarding the application of [Eleventh Circuit precedent] in this circuit, the majority of districts ... have held that such approval is not necessary"). The Court finds no need to review the merits of settlement agreement in this case.

Alternatively, the Court finds that based on the record created by the parties, **Doc. 29,** the Court will approve the settlement, proposed notice to opt-in collective action members, the attorneys' fees, and Plaintiff's service award. The Court finds:

- A bona fide dispute exists between the parties;
- There is no apparent defect in the negotiation of the settlement;
- The settlement is fair, reasonable, and equitable to all parties concerned;
- The proposed settlement contains a reasonable award of attorneys' fees based on a reasonable contingency fee of 40% and the *Johnson* factors. (**doc. 29 at 12-18; Doc. 29-2)**; and
- Plaintiff's requested service award of $5,000 is reasonable.

Moreover, the Court approves the notice procedure and form proposed by the parties. **Doc. 29-1.**

**IT IS THEREFORE ORDERED** that the Plaintiff's Unopposed Motion to Approve FLSA Settlement, Attorneys' Fees and Costs and Plaintiff's Service Award **(Doc. 29)** is **GRANTED.**

**IT IS FURTHER ORDERED** that the Court's Order to Show Cause is quashed.

_____
**KEA W. RIGGS**
**UNITED STATES DISTRICT JUDGE**